# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON MITCHELL KENNEDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 13-CV-0116-JHP |
| MUSKOGEE BOARD OF COUNTY ) | |
| COMMISSIONERS, and ) | |
| CHARLES PEARSON, in his individual and ) | |
| official capacities, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court are Plaintiff's Motion to Remand [Doc. No. 16] and Defendants Response in Opposition [Doc. No. 18]. For the reasons detailed below, Plaintiff's Motion to Remand is **GRANTED.**

## BACKGROUND

Plaintiff originally filed this action in the District Court of Muskogee County, Oklahoma, on March 4, 2013, Case No. CJ-13-91, asserting claims arising out of both state and federal law. [Doc. No 2, Ex. 1]. On March 22, 2013, Defendants removed the case to this Court through the filing of a Notice of Removal as required under 28 U.S.C. §§ 1441 and 1446, contending, because the matter was essentially a claim for relief arising under federal law, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. [Doc. No. 2]. On April 11, 2013, Plaintiff filed his First Amended Complaint, abandoning all claims arising under federal law. [Doc. No. 12]. On April 19, 2013, Plaintiff filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c), contending that this Court lacks subject matter jurisdiction over this action. [Doc. No.

16]. On April 25, 2013, Defendants filed a Response to Plaintiff's Motion to Remand. [Doc. No. 18].

**DISCUSSION**

"[F]ederal courts are courts of limited jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. Partnership—1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991). Federal courts "possess only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law-federal question jurisdiction-and controversies arising between citizens of different states-diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332.

The Tenth Circuit has stated that "[w]hen all federal claims have been dismissed, the court may and usually should, decline to exercise jurisdiction over any remaining state law claims." *Smith v. City of Enid by and through Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998). Specifically, the Tenth Circuit has followed the Supreme Court's lead in classifying supplemental jurisdiction not as a litigant's right, but as a matter of judicial discretion. *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.,* 379 F.3d 1161, 1165 (10th Cir.2004)(citing *City of Chi. v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997)). In circumstances where the supplemental jurisdiction statute may support supplemental jurisdiction, the district court retains discretion to decline to exercise that jurisdiction. The traditional analysis, based on the Supreme Court's opinion in *United Mine Workers v. Gibbs,* compelled courts to consider "judicial economy, convenience and fairness to litigants" when deciding whether to exercise supplemental jurisdiction. 383 U.S. at 726, 86 S.Ct.

1130. Similarly, Congress' supplemental jurisdiction statute enumerates four factors that the court should consider:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In applying these factors, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 (1988).

The Court finds that Plaintiff has abandoned his request for relief under 42 U.S.C. § 1983 for alleged constitutional violations. Therefore, only state law claims remain at this early stage in the litigation, and the Court has "a powerful reason to choose not to continue to exercise jurisdiction." *Id.* at 351; *see* 28 U.S.C. § 1367(c)(3). Indeed, "it is generally preferable for a district court to remand remaining pendent claims to state court[.]" *Harrell v. 20th Century Ins. Co.,* 934 F.2d 203, 205 (9th Cir.1991); *see also* 28 U.S.C. § 1447(c). Such claims are better litigated in state court. *See Carnegie–Mellon,* 484 U.S. at 350 n. 7 ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims."). Accordingly, this action is remanded to the District Court of Muskogee County, Oklahoma.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is **GRANTED.**

**IT IS SO ORDERED** this 9th day of May, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

4